IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Sam E. Moussa,

　　　　　　Plaintiff,

v.

County of Pima,

　　　　　　Defendant.

No. CV-17-00523-TUC-CKJ (LCK)

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion to Remand (Doc. 15), which is fully briefed (Docs. 17, 20).[1] Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Kimmins for a report and recommendation. Oral argument was heard on January 25, 2018, after which the undersigned took the matter under advisement. (Doc. 22.) The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order granting Plaintiff's Motion to Remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 28, 2017, Plaintiff Sam Moussa filed a Complaint in Pima County Superior Court. (Doc. 1-3 at 2-11.) The Complaint alleges that Defendant Pima County has taken, by inverse imminent domain, property to which Plaintiff holds legal title. Plaintiff seeks a declaratory judgment that Defendant's actions amount to a taking, an

---

[1] Defendant previously filed a motion to dismiss. (Doc. 4.) The parties agreed to defer the Court's decision on that motion until the motion to remand is resolved. (Doc. 15 at 12; Doc. 17 at 12.)

order directing Defendants to reconsider its decision, and damages for taking of the property.

Plaintiff alleges that, in 2009, he purchased property designated as Lot 9 of the Enclaves at Gates Pass, a legally subdivided residential parcel. County regulations allow development only of a single-family residence on the property. Plaintiff invested substantial resources to develop plans for a residence on the property. Plaintiff submitted plans to the County consistent with other homes in the development, the County's zoning classification for the property, and the County's general policies. The County informed Plaintiff that the plans would be processed as a special use permit because regulations preclude any reasonable development of the property. Plaintiff met with County staff and consented to significant limitations to the planned residence for the property. Based on the agreed limitations, the County staff recommended approval of the special use permit, which was endorsed by the County Manager.

The Pima County Board of Supervisors denied the special use permit. Defendant is aware that the denial prevents development of the property for a residence. Plaintiff alleges that the Board ignored or failed to consider A.R.S. § 11-832(I) and its underlying legal principles. Further, Plaintiff alleges the denial of the special use permit does not further a legitimate public interest, or the impact on Plaintiff is disproportionate to any legitimate purpose. Plaintiff alleges Defendant has effectively taken the property without the payment of just compensation "in violation of both Arizona and federal law." Defendant's actions constituted a regulatory taking in violation of Article 2, Section 17 of the Arizona Constitution and Arizona law, including A.R.S. § 11-832(I). Plaintiff alleges the County acted arbitrarily and capriciously, exceeded its discretion, and he was not afforded a fair hearing or due process. Plaintiff seeks a declaratory judgment, pursuant to A.R.S. § 12-1831, *et seq.* Specifically, Plaintiff seeks a declaration that the County's regulations and denial of the special use permit preclude any reasonable use of the property, and that the County's actions violate A.R.S. § 11-832(I) and the legal principles adopted therein. Alternatively, Plaintiff seeks an order directing the Board of Supervisors

to hold a proper hearing on the requested special use permit, giving full consideration to A.R.S. § 11-832(I) and the legal principles adopted therein. Plaintiff also seeks compensatory damages for the permanent or temporary taking of his property.

On October 20, 2017, Defendant removed the case to this Court. (Doc. 1.) Defendant stated that this Court had federal question jurisdiction over the case because Claim 1 alleges a violation of federal law, and Claim 2 alleges a violation of A.R.S. § 11-832(I), which requires the County to comply with United States Supreme Court jurisprudence based on the takings clause of the Fifth Amendment of the United States Constitution. (Doc. 1 at 1-2.)

## DISCUSSION

Plaintiff moves to remand the case to state court, arguing that he has not raised a federal claim; rather, his inverse condemnation claim is based on Arizona's Constitution and his declaratory judgment claim is based on an Arizona statute.

A defendant may remove a case from state court to federal court if it "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(a). Removal jurisdiction, like original jurisdiction, is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). The burden is on the defendant to establish the federal court's jurisdiction, and removal jurisdiction is strictly construed. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts resolve "all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042.

### Claim 1 – Inverse Condemnation

Defendant argues that Claim 1, which is a takings claim, states a federal claim on its face. Defendant cites the paragraph of the Complaint that states the County has taken

- 3 -

the property "without the payment of just compensation in violation of both Arizona and federal law." (Doc. 1-3 at 7 ¶ 29.) Defendant argues that the allegation of a taking in violation of federal law pleads a federal question within § 1331 subject matter jurisdiction.

To decide this issue, paragraph 29 must be looked at in context of the subsequent paragraphs:

> 29.     The County has effectively taken the Property, for the benefit of third parties and the County, without payment of just compensation in violation of both Arizona and federal law.
>
> 30.     The actions of the County constituted the taking of the Property by inverse eminent domain and constituted a regulatory taking in violation of Article 2, Section 17, of the Arizona Constitution and settled principles of Arizona law, including A.R.S. § 11-832(I).
>
> 31.     As a direct and proximate result of the County's actions, Moussa has sustained damages, including unreasonable interference with investment-backed expectations, in an amount to be established at trial.

(Doc. 1-3 at 7.)

After review of the entire Complaint, the Court finds that Claim 1 is based solely on Arizona law. Nowhere does Plaintiff mention the Fifth Amendment to the United States Constitution, which is the source for a federal takings claim. References to federal law within a state law cause of action do not turn the claim into a federal cause of action. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (incidental reference to federal law does not establish a federal cause of action if federal law is "not a necessary element of the state law claim."); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (finding Title VII references did not create federal jurisdiction over a state law wrongful termination claim). The reference to federal law in paragraph 29 of Claim 1 is superfluous. Paragraph 30 clarifies that the takings claim is brought solely under the Arizona Constitution. The Court also finds of relevance that the prayer for relief requests a declaration that the County violated the Arizona Constitution's takings clause but does not seek relief based on the Fifth Amendment of the United States Constitution. (Doc. 1-3 at 9 ¶ B.)

- 4 -

In light of Plaintiff's disavowal of a federal takings claim, the singular reference to federal law in Claim 1 does not establish federal jurisdiction. *See Garduno v. Nat'l Bank of Ariz.*, 738 F. Supp. 2d 1004, 1009 (D. Ariz. 2010).[2] If Claim 1 were to be litigated in this Court it would be based solely on Arizona law as the Court would not force Plaintiff to litigate a claim he does not intend to pursue. At best, it is ambiguous whether Claim 1 alleges a federal claim. Any ambiguity over federal jurisdiction requires remand to state court. *See Hunter*, 582 F.3d at 1042.[3] Defendant has failed to establish that Claim 1 gives the Court jurisdiction over this case.

**Claim 2 – Declaratory Judgment**

Defendant argues that Plaintiff's claim for declaratory relief requires the Court to determine if the County's actions violated the Fifth Amendment of the United States Constitution. Concluding that Fifth Amendment precedent is an essential element of Claim 2, Defendant argues this Court has jurisdiction because the claim implicates significant federal issues.

Claim 2 is based on the Arizona Declaratory Judgment Act and alleges, in part:

43.    Moussa is entitled to a judicial declaration and determination that the County's regulations applicable to the Property and the Board's denial of Moussa's special use permit effectively preclude any reasonable and economically viable use of the Property.

44.    Moussa is entitled to a judicial declaration and determination that the County's actions and regulations violate the requirements of A.R.S. § 11-832(I) and the legal principles adopted, by reference, in said statute

---

[2]    It is an unsettled question whether a court may consider a Plaintiff's post-complaint disavowal of an intent to state a federal claim. *See Designee LLC v. Honda Aircraft Co. LLC*, No. CV-17-02794-PHX-JAT, 2017 WL 4652159, at *3 n.2 (D. Ariz. Oct. 17, 2017) (collecting cases). The Court finds Plaintiff's disavowal relevant in light of the passing reference to federal law – it merely confirms the Court's reading of the claim.

[3]    Plaintiff relies on the case of *Bezy v. Floyd Cty. Plan Comm'n*, 199 F.R.D. 308 (S.D. Ind. 2001). In that case, the plaintiff alleged a taking in violation of his "constitutional rights." *Id.* at 311. The court found removal improper because it was ambiguous whether plaintiff was alleging the claim under state or federal law. The Court need not resort to this out-of-circuit case to resolve Claim 1. The Court finds the claim clearly raises a violation of Arizona law and does not state a federal claim. The ambiguous passing reference to federal law does not support federal jurisdiction under governing Ninth Circuit law.

and that Moussa is entitled to recover damages for the County's improper actions.

45.    Alternatively, Moussa is entitled to an order compelling and mandating that the Board hold a proper hearing on Moussa's special use permit request, giving full consideration to the requirements of A.R.S. § 11-832(I) and the legal principles incorporated in said statute by reference.

(Doc. 1-3 at 9.) Plaintiff requests a court to order that: the County's regulations preclude economic use of the property; the County's permit denial precludes economic use of the property in violation of Arizona law and the Arizona Constitution; the County's actions violate A.R.S. § 11-832(I) and constitute an unjust taking of the property; or, alternatively, the Board must reconsider Plaintiff's permit in compliance with A.R.S. § 11-832(I).

Because Claim 2 seeks relief under Arizona's Uniform Declaratory Judgments Act, A.R.S. § 12-1831, *et seq*, state law creates the cause of action for Claim 2. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983) (finding a claim under California's Declaratory Judgment Act to be one created by state law). When the cause of action is not created by federal law, it is a "special and small category" of cases that will nonetheless invoke federal question jurisdiction. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005), for the proposition that "it takes more than a federal element 'to open the arising under' door."); *see also Lippitt v. Raymond James Fin. Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003) (finding that re-characterizing a claim as federal should be sparingly invoked because "it raises difficult issues of state and federal relationships and often yields unsatisfactory results"). As argued by Defendant, a state cause of action can be re-characterized as a federal claim if "relief depends on the resolution of a substantial, disputed federal question." *Lippitt*, 340 F.3d at 1041 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986)). A plaintiff may not avoid removal jurisdiction by failing to plead a federal question necessary to his claim. *See ARCO Envtl. Remediation*

*v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1114 (9th Cir.2000) (explaining the "artful pleading doctrine") (quoting *Franchise Tax Bd.*, 463 U.S. at 22).

The Supreme Court has never stated a "'single, precise, all-embracing' test for jurisdiction over federal issues 'embedded in state-law claims between nondiverse parties." *Grable*, 545 U.S. at 314 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988) (Stevens, J., concurring)). This Court must ask if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. At the same time, the Court must keep in mind that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

The central issues a court needs to resolve to decide Claim 2 are (1) whether the County Board violated an Arizona statute, and (2) whether the County Board's actions amounted to a taking in violation of the Arizona Constitution. The County argues it is the first question that triggers federal jurisdiction – determining whether the County violated A.R.S. § 11-832(I) – because it requires the resolution of a disputed, substantial federal question. A.R.S. § 11-832(I) states:

> A county or an agency or instrumentality of a county shall comply with the United States Supreme Court cases of Dolan v. City of Tigard, 512 U.S. 374 (1994), Nollan v. California Coastal Commission, 483 U.S. 825 (1987), Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992), First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304 (1987), Palazzolo v. Rhode Island, 533 U.S. 606 (2001), Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency , 535 U.S. 320 (2002) and Arizona and federal appellate court decisions that are binding on Arizona counties interpreting or applying those cases.

The federal law at issue is well-settled, deriving from the cited cases that were decided more than fifteen years ago. Undoubtedly, the United States Supreme Court interpreted the parameters of Fifth Amendment takings law in deciding these cases. In turn, the Arizona legislature adopted those standards for all counties in the state, precluding the counties from behavior that the Supreme Court had determined to be in

violation of the Fifth Amendment. To rule on Claim 2, a court will not be interpreting directly the Fifth Amendment or determining if it was violated as argued by Defendant. Rather, a court will be assessing whether Pima County's conduct violated any of the state-adopted standards, which the Supreme Court has already decided violate the Fifth Amendment. If a violation is found, the significance will be that the County failed to comply with the state statute; the concurrent Fifth Amendment violation is superfluous to Plaintiff's claim. The Court concludes that determining whether an entity complied with a state statute following long-standing federal law does not "implicate significant federal issues" that "justif[ies] resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 311. Therefore, Defendant has failed to demonstrate that Claim 2 should be recharacterized as a federal claim.

**Plaintiff's Attorney's Fees**

Plaintiff requests the attorney's fees he expended for the removal litigation. If removal is found to be improper, a court that remands a case to state court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Patel v. Del Taco, Inc.,* 446 F.3d 996, 999 (9th Cir. 2006). However, fees are warranted only if the defendant's removal was objectively unreasonable. *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)).

Because Plaintiff's Complaint referenced federal law and relies upon a state statute that incorporates federal law, the Court finds Defendant's removal had a reasonable basis and fees are not warranted.

**Conclusion**

Nothing on the face of the Complaint clearly states a federal claim and Plaintiff has disavowed any intention to proceed on a federal claim. Further, Defendants have failed to persuade the Court that Claim 2 should be recharacterized based on the inclusion of a substantial federal question. Therefore, federal question jurisdiction is lacking and Defendant has failed to establish that removal was proper.

**RECOMMENDATION**

The Magistrate Judge recommends the District Court grant Plaintiff's motion to remand for lack of subject matter jurisdiction (Doc. 15) but deny his request for attorney's fees.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 5th day of March, 2018.

_____
Honorable Lynette C. Kimmins
United States Magistrate Judge