WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sam E Moussa,

   Plaintiff,

v.

County of Pima,

   Defendant.

No. CV-17-00523-TUC-CKJ (LCK)

**ORDER**

  In this matter, Plaintiff filed a motion to remand which Magistrate Judge Kimmins recommends this Court grant. *See* Docs. 15 (Motion to Remand) and 23 (Report & Recommendation). The Court has reviewed all of the pertinent filings in this case, including Defendant's Notice of Removal, Response to Plaintiff's motion, and Objections to the Report & Recommendation (R&R). *See* Docs. 1, 17, and 24.

  Defendant has objected to eight specific statements in the "Factual and Procedural Background" of the R&R and further requests that the Court modify the report to clarify a matter of state law. *See* Doc. 24.

  A District Court reviews objected to portions of a magistrate judge's findings and recommendations under a *de novo* standard. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original).

  The R&R does not misstate the law – nor does Defendant contend that it does. *See generally*, Doc. 24. Once a federal court determines that it doesn't have subject-matter jurisdiction, it must remand the case. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193,

1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means [] that the federal courts have no power to adjudicate the matter."); *see also*, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

Defendants do not object to the R&R's conclusion that this Court lacks the subject-matter jurisdiction to adjudicate this matter. Instead, Defendant objects to Judge Kimmins' expressing Plaintiff's factual allegations as true for purposes of adjudicating the motion to remand, and requests this Court modify the R&R to "clarify that the allegations are disputed." *See* Doc. 24 at pg. 2.

However, once a federal court determines that it lacks jurisdiction, further inquiry into the matter must stop. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (clarifying that when a federal court resolves a case "short of reaching the merits ... the court will not 'proceed at all' to an adjudication of the cause").

This Court undisputedly lacks the subject-matter jurisdiction to adjudicate this case. *See* Doc. 23 (explaining that Plaintiff raises no claim that creates Article III jurisdiction). Therefore, no further inquiry or explication on the facts or merits of Plaintiff's claim is warranted. *See Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640 (2006) (expounding Congress's policy of quickly remanding cases where a federal court lacks subject-matter jurisdiction).

Accordingly, IT IS ORDERED that the legal conclusions from Magistrate Judge Kimmins' R&R (Doc. 23) are ACCEPTED — this Court is without subject-matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (Doc. 15) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for attorney's fees is DENIED as Defendant's motion to remand was not objectively unreasonable due to Plaintiff's reference (but not reliance upon) federal law incorporated into a state statute. *See* Doc. 23 at pg. 8 (citing *Gardner v. UICI*, 508 F.3d 559 (9th Cir. 2007)).[1]

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 4) is TERMINATED on CM/ECF as "moot."

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment and close this civil action.

IT IS FURTHER ORDERED that the Clerk of the Court mail a certified copy of this Order to Pima County Superior Court.

Dated this 25th day of April, 2018.

_____
Honorable Cindy K. Jorgenson
United States District Judge

---

[1] *See further*, *Prior v. Ryan*, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (acknowledging that the District Court reviews unobjected-to-portions of an R&R for clear error).